UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK
-------------------------------X
EDDIE A. CRUZ, SR. AND CAROLYN
CRUZ,

            Plaintiffs,

    -against-

"JOHN" (True first name unknown)
ORENSTEIN, Individually and as a
Seargant of the NEW YORK CITY
POLICE DEPARTMENT, "JOHN "(True
First name unknown)McCARREN,
(Shied No. 14154),Individually
and as a Police Officer of the
NEW YORK CITY POLICE DEPARTMENT,
"JOHN DOE"(True name unknown)Individually
And as a Police Officer of the
CITY OF NEW YORK POLICE DEPARTMENT
Assigned to the 104th Precinct on
March 6, 2011, "RICHARD ROE" No. 1
(True name unknown), Individually
And as a Police Officer of the
NEW YORK CITY POLICE DEPARTMENT
Assigned to the 104th Precinct on
March 6, 2011, "RICHARD ROE" No. 2,
(True name unknown), Individually And
As a Police Officer of the NEW YORK
CITY POLICE DEPARTMENT Assigned to
The 104th Precinct on March 6, 2011,
THE CITY OF NEW YORK, AND THE NEW YORK CITY
POLICE DEPARTMENT.

           Defendants.
-------------------------------X

**CV 12 - 2789**

CV No. MAUSKOPF

POLLAK, M.J

CIVIL COMPLAINT

**SUMMONS ISSUED**

     Plaintiffs, EDDIE A. CRUZ, SR. AND CAROLYN CRUZ, by

their attorneys, Harding & Moore, Esqs., complaining of the

Defendants allege as follows:

               JURISDICTION

FIRST:   The jurisdiction of this court is invoked pursuant to Title 28, United States Code, Sections 1331 and 1332 and the supplemental jurisdiction of this court invoked pursuant to Title 28 of the United States Code, Section 1337.

### PARTIES

SECOND:  The Plaintiffs in this action are EDDIE A. CRUZ, SR. AND CAROLYN CRUZ, his spouse.  Each is a natural person and each is a citizen of the United States, both residing at 64-37 74th Avenue, Glendale, New York in the County of Queens, City and State of New York and within the Eastern District of New York.

The Defendant "John" (first name unknown) Ohrenstein, is a Sergeant (Shield No.        ) of the New York City Police Department and is sued individually and in his capacity as a Sergeant of the New York City Police Department.

The Defendant "John McCarren (Shield No. 14154) is a police officer of the New York City Police Department and is being sued individually and in his capacity as a police officer of the New York City Police Department.

The Defendant "John Doe Number 1" (true name unknown) (Shield No. unknown) is a police officer of the New York City Police Department and is sued individually and in his

2

capacity as a member of the New York City Police
Department.

The Defendant "Richard Roe Number 1" (true name
unknown) (Shield No. unknown) is a police officer of the
New York City Police Department and is sued individually
and in his capacity as a member of the New York City Police
Department.

The Defendant "Richard Roe Number 2" (true name
unknown) (Shield No. unknown) is a police officer of the
New York City Police Department and is sued individually
and in his capacity as a member of the New York City Police
Department.

The Defendant, The New York City Police Department is
an executive department of the Defendant, The City of New
York, and, as such, is charged with the operation and
control of police precincts throughout the City of New York
and is charged with enforcement of state and local laws,
the investigation of criminal complaints, the apprehension
of suspected criminals and for that purpose employs trained
police officers and their supervisors.

The Defendant The City of New York is a municipal
corporation duly organized under the laws of the State of
New York and it has, as one of its executive departments

3

and governmental sub-divisions, the New York City Police
Department.

## STATEMENT OF FACTS

THIRD:   The Plaintiff, EDDIE A. CRUZ, SR. is 47 years
old and the Plaintiff, CAROLYN CRUZ is 45 years old, they
are husband and wife and, at all times here relevant, have
resided at 64-37 74th Avenue in Glendale, New York 11385 in
the County of Queens.

FOURTH:   That on March 6, 2011 at about 2 a.m., the
Plaintiffs were both at home at 64-37 74th Avenue.
Plaintiff, EDDIE A. CRUZ, SR. was asleep in the master
bedroom, Plaintiff, CAROLYN CRUZ had fallen asleep in the
bedroom of their youngest son, Eddie Lee Cruz, then aged 7
and           , then aged 5, the son of Mariella Lopez
who is the girlfriend of their oldest son, Eddie A. Cruz,
Jr.

FIFTH:   That at the same time, date and place, Eddie
A. Cruz, Jr., the Plaintiffs' 21 year old son and his
girlfriend Mariella Lopez were in the recreation room of
the basement putting together a weight set.  At the same
time, the Plaintiffs' daughter, also named Carolyn Cruz and
then aged 16, was asleep in her bedroom in the basement.

SIXTH: That while putting the weight set together, a screw slipped and the weight assembly fell, causing Eddie A. Cruz, Jr. to sustain a deep cut to his right arm. As a result, Mariella Lopez, followed by Eddie Cruz, Jr. went upstairs calling out to the Plaintiff, CAROLYN CRUZ to seek medical help.

SEVENTH: That at that point there was a loud knock on the front door. By this time, Plaintiff, CAROLYN CRUZ, her son, Eddie A. Cruz, Jr. and Mariella Lopez were in the first floor hallway.

EIGHTH: That after the loud knock at the front door, Plaintiff, EDDIE A. CRUZ, SR. came out of the front bedroom on the first floor where he had been sleeping.

NINTH: Plaintiff, CAROLYN CRUZ, in response to the loud knocking called out "who is it?" and from the other side of the front door heard a male voice call out "police."

TENTH: That Plaintiffs, EDDIE A. CRUZ, SR. AND CAROLYN CRUZ then went to the front door and as she was opening it, a large number of uniformed New York City Police officers rushed through the front door without asking any questions.

ELEVENTH: That Plaintiff, CAROLYN CRUZ was immediately thrown forcibly against the wall of the hallway near the front door.

TWELFTH: That Plaintiff, EDDIE A. CRUZ, SR. was forcibly thrown to the hallway floor in his house where police officers kicked him, punched him, and stomped on him as he was in a prone position and as he kept calling out "what have I done?" and "why are you doing this to me?"

THIRTEENTH: That Plaintiff, CAROLYN CRUZ tried to take cell phone pictures of this incident but was forcibly restrained and told that her children would be taken away from her.

FOURTEENTH: That Plaintiff, EDDIE A. CRUZ, SR. was forcibly handcuffed while face down on the floor of the hallway of his home and was experiencing tightness and pain in his chest because his hands were cuffed tightly behind his back. Plaintiff, EDDIE A. CRUZ, SR. was clad only in sweatpants, wearing no shirt and no shoes.

FIFTEENTH: That Plaintiff, EDDIE A. CRUZ, SR. was placed under arrest in the hallway of his home and taken handcuffed, shirtless and shoeless to a waiting police car by New York City Police Officers and placed in the rear seat of the police car.

SIXTEENTH: That while seated in the rear seat of the marked New York City Police Department radio motor patrol car, which was parked in front of his house, Plaintiff,

6

EDDIE A. CRUZ, SR. called out "Carolyn help me" to his wife Plaintiff, CAROLYN CRUZ.

SEVENTEENTH: That upon calling out to Plaintiff, CAROLYN CRUZ for help, one of the uniformed New York City Police Department Officers reached through the open rear window of the radio motor patrol car and, with a closed fist, punched Plaintiff, EDDIE A. CRUZ, SR. in the throat and told him to "shut the fuck up." Mr. Cruz was unable to speak as a result of the blow to the throat and said nothing further.

EIGHTEENTH: That on March 6, 2011, Plaintiff, EDDIE A. CRUZ, SR. was transported in a marked radio motor patrol car by officers of the New York City Police Department to the 104th Precinct on Catalpa Avenue in the County of Queens.

NINETEENTH: That both Plaintiffs had asked police officers why they had come to the house and had asked what Plaintiff had done to cause him to be arrested. Neither Plaintiff was told anything except "assault in progress."

TWENTIETH: That Plaintiff was charged by misdemeanor complaint with the crimes of violation of New York State Penal Law Sections 205.30, Resisting Arrest and 195.05,

Obstructing Governmental Administration under docket number 2011QN012324.   Each is a Class "A" Misdemeanor.

TWENTY-FIRST: That Plaintiff, EDDIE A. CRUZ, SR. was kept in a cell inside the 104th Precinct until he was transported in handcuffs by police to Central Booking Queens.   He was fingerprinted, photographed and placed in a holding cell in Central Booking Queens with other arrestees to await arraignment.

TWENTY-SECOND: That Plaintiff, CAROLYN CRUZ contacted a criminal defense attorney, Christopher A. Renfroe, Esq. to represent her husband.   Mr. Renfroe was not available but an associate, Robert Loucks, Esq. was retained.

TWENTY-THIRD: That Plaintiff, EDDIE A. CRUZ, SR. was arraigned on Docket No. 2011QN012324 before Hon. Carmen Velasquez, Judge of the Criminal Court of the City of New York in Part APAR4/3 of that court on March 6, 2011.   All charges were Adjourned in Contemplation of Dismissal pursuant to Section 170.55 of the New York State Criminal Procedure Law on March 6, 2011 for a period of four months.

TWENTY-FOURTH: That on or about July 6, 2011, all charges on Docket No. 2011QN012324 were dismissed and the case was sealed.

TWENTY-FIFTH: That on March 7, 2011, pursuant to C-105 of the Chancellor's Regulations, Plaintiff, EDDIE A. CRUZ,

SR. notified in writing Andrew Gordon and Cammela Cody of the New York City Department of Education Office of Personnel Investigations, of his arrest. He also notified his direct employer, Mr. Michael Huang, Custodian Engineer of P.S. 72K in Brooklyn and Rafael Ramirez of Local 32B-J of his arrest.

TWENTY-SIXTH: That Plaintiff, EDDIE A. CRUZ, SR. sustained head injuries including hearing loss, loss of balance, injury to the cervical spine, bruises and swelling to the face, head, neck, mouth, wrists and knees, pain in the throat and larynx, difficulty in speaking, headaches, chest pain, severe emotional distress and depression as a result of the injuries inflicted on March 6, 2011 and is still receiving medical treatment.   He has experienced Post-Traumatic Stress Disorder.   He has also lost time from employment.

TWENTY-SEVENTH: That Plaintiff, CAROLYN CRUZ sustained bruises and swelling to her left arm as a result of being forcibly shoved against a wall in her house and being pinned against the wall by her arms by one of the named defendant police officers while watching her.

TWENTY-EIGHTH: That Plaintiff, CAROLYN CRUZ sustained severe emotional distress and posttraumatic stress disorder

as a result of the actions of the defendants on March 6,
2011.

TWENTY-NINTH: That Plaintiffs expended money for
counsel fees for Plaintiff, EDDIE A. CRUZ, SR. and have
expended money for medical expenses.

AS AND FOR A FIRST CAUSE OF ACTION ON
BEHALF OF PLAINTIFF EDDIE A. CRUZ, SR. AGAINST
DEFENDANT JOHN ORENSTEIN, VIOLATION OF TITLE
42 UNITED STATES CODE, SECTION 1983—FALSE ARREST

THIRTIETH:  Plaintiffs repeat, reallege and reiterate
each and every cause of action set forth in Plaintiffs'
complaint as if fully set forth herein.

THIRTY-FIRST: That on March 6, 2011 and at all times
here relevant, Defendant, Orenstein was a Sergeant of the
New York City Police Department assigned to the 104th
Precinct in the County of Queens.

THIRTY-SECOND: That on March 6, 2011 and at all times
here relevant, Defendant Orentstein was the supervising
officer of the group of police officers who went to the
Plaintiffs' residence at 64-37 74th Avenue in Glendale in
the County of Queens.

THIRTY-THIRD: That on March 6, 2011 and at all times
here relevant, Defendant Orenstein was acting under color
state law in his capacity as a Sergeant of the New York
City Police Department.

THIRTY-FOURTH: That on March 6, 2011, without a search warrant, without consent of Plaintiffs and without any probable cause, Defendant Orentstein directed and led a group of uniformed police officers of the New York City Police Department as they forced their way through the front door of the Cruz residence, knocked Plaintiff, EDDIE A. CRUZ, SR. to the floor, beat him, stomped him and handcuffed him in his own home, forcibly detained him and arrested him and charged him with the crimes of violation of New York State Penal Law Section 205.30, Resisting Arrest, and New York State Penal Law Section 195.05, Obstructing Governmental Administration.

THIRTY-FIFTH: That such arrest was a false arrest in that there was no probable cause for either charge, no crime had been committed in the presence of Defendant and his fellow officers, no facts existed to support such charges and Defendant knew that no such facts existed.

THIRTY-SIXTH: That the arrest of Plaintiff without probable cause constituted a violation of the Fourth and Fourteenth Amendments to the United States Constitution which requires arrest based only upon probable cause and was also in violation of Title 42, United States Code § 1983.

THIRTY-SEVENTH: That as a result of this false arrest, Plaintiffs were compelled to retain criminal defense counsel. All charges were ultimately dismissed on or about July 6, 2011 in Criminal Court of the City of New York.

THIRTY-EIGHTH: That the false arrest and injuries sustained by Plaintiff as aforesaid constituted a deprivation of civil and constitutional rights, privileges and immunities guaranteed to plaintiffs under the Fourth and Fourteenth Amendments, loss of a liberty interest and physical and emotional injuries.

Wherefore, plaintiff demands judgment against the defendant on the First Cause of Action in the amount of One Million Dollars ($1,000,000) together with interest and costs.

AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS JOHN ORENSTEIN, JOHN McCARREN
DOE AND ROE VIOLATION OF TITLE 42 UNITED STATES
CODE SECTION 1983—USE OF EXCESSIVE FORCE

THIRTY-NINTH: Plaintiffs repeat, reallege and reiterate 1-38 as if fully set forth herein.

FORTIETH: That defendant Orenstein, Doe and Roe were, at all times have relevant and during the actions encompassed by the statement of facts, supra engaged in state action and acting under color of state law in that they were on duty, in uniform and acting as a Sergeant and

Police Officers, respectively, of the New York City Police
Departments.

FORTY-FIRST: That the actions taken by defendant's
Orenstein, Doe and Roe against plaintiff Eddie A. Cruz, Sr.
and Carolyn Cruz in forcibly shoving plaintiff Carolyn Cruz
against the inside wall of the hallway of her residence and
brushing plaintiff Eddie A. Cruz to the floor of his
residence and then kicking him, stomping him, standing on
his back, neck and legs, rear- cuffing him to the point
where he had difficulty breathing, forcibly removing him
from his residence and punching him with his closed fist in
the throat as he sat in the rear of the police car, all
constituted a violation of plaintiff's civil and
constitutional rights to be free from the use of excessive
force under the Eighth and Fourteenth Amendments to the
United States Constitution and in violation of Title 42
United States code Section 1983.

FORTY-SECOND: That the use of excessive force used by
Defendants against plaintiff Carolyn Cruz resulted in pain,
bruising and swelling of her left arm as well as severe
emotional distress and symptoms of post-traumatic stress
disorder. That the use of excessive force against plaintiff
Eddie A. Cruz, Sr. resulted in injuries to his head
including hearing loss, loss of balance, injury to the

cervical spine, bruises and swelling to the face, head, neck, mouth, wrist and knees, pain in the throat and larynx, difficulty in speaking, head pain, chest pain, severe emotional distress, depression and post-traumatic stress disorder. He is still receiving medical treatment and has lost time from employment.

FORTY-THIRD: That the injuries sustained by plaintiffs were solely as a result of defendant's unconstitutional use of excessive force in violation of the Eighth and Fourteenth Amendments to the United States Constitution and further constitute a deprivation of rights, privilege and immunities guaranteed to plaintiffs under the Forth and Eighteenth Amendments in causing plaintiffs severe and painful physical and emotional injuries.

Wherefore, plaintiffs demand judgment against defendants on the Second Cause of Action in the amount of One Million Dollars ($1,000,000) together with interest and costs.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT THE CITY OF NEW YORK NEGLIGENCE

FORTY-FOURTH: Plaintiffs repeat, reallege and reiterate each and every allegation set forth in Paragraphs First through Forty Third as it fully set forth herein.

FORTY-FIFTH: : That on March 6, 2011 and at all times

here relevant "John" Orenstein, "John" McCarren

(Shield No.    ) Richard Roe and John Doe were

respectively a sergeant and police officers on duty acting

in the scope of their employment by defendant City of New

York and assigned to the 104th police precinct.

FORTY-SIXTH: That on March 6, 2011 a youth made a

telephone call and gave a location 64-37 74th Avenue,

Glendale, New York in the County of Queens, City of New

York.

FORTY-SEVENTH: That members of the New York City

Police Department nevertheless responded to the location,

instead of ascertaining that 64-37 74th Avenue was a two-

family residence, defendant's police officers made no

further attempts to ascertain what, if anything had

happened, knocked on the Cruz' front door and simply rushed

in without even speaking to Mr. or Ms. Cruz and despite

having information that no call had come from there.

FORTY EIGHTH: That the actions of defendant's police

officers were careless and negligent and resulted in harm,

including but not limited to physical and emotional

injuries to plaintiffs.

FORTY NINTH: That the negligence of defendant City of

New York's police officers consisted of failing to exercise

15

due care and caution in ascertaining who had called police
and why, failing to exercise due case and caution in
investigating or determining who lived on what floors of
the premises 64-37 74th Avenue, failing to even inquire of
the plaintiffs or any member of the Cruz family their
identities or whether they had even called for police
assistance, forcing their way through the front door of the
Cruz family home without having ascertained any facts other
than that a young male had called police and an adult male
answered a call-back and said no call had been made,
failing to ascertain that there was a family living above
the Cruz family in which an adult male and his teenaged son
resided and generally carrying out their investigative
responsibilities in a careless and negligent manner.

FIFTIETH: That defendant City of New York is liable
under the doctrine of respondent superior for the
negligence of its agents, servants and employees as
aforesaid.

FIFTY-FIRST: That the injuries sustained by the
plaintiffs solely as a result of the negligence of
defendant without any negligence on the part of plaintiff
contributing thereto include the arrest without probable
cause of Eddie Cruz, pain and injury to the left arm of
plaintiff Carolyn Cruz, injuries and substantial pain to

16

the head, neck, back, chest, ears, throat and larynx of

plaintiff Eddie A. Cruz, Sr., emotional distress and post-

traumatic stress disorder to plaintiffs Eddie A. Cruz Sr.

and Carolyn Cruz as well as loss of time from work.

FIFTY-SECOND: That by Notice of Claim dated 4/12/11

,2011, each plaintiff put defendant City of New York on

notice of their claim for damages, specifying their names

and address, name of their attorney, nature of claim and

time when, place where and manner in which the claim arose,

all pursuant to General Municipal Law Section 50 (g).

FIFTY-THIRD: That on 6/8/11    , 2011, hearings were

conducted as to each claimant pursuant to section 50 (H) of

the General Municipals Law.

FIFTY-FOURTH: That more than 90 days have elapsed

since said hearings were held and the claim has not been

settled or otherwise adjusted.

Wherefore, plaintiffs demand judgment against

defendant City of New York in an amount to be determined at

trial and in excess of the jurisdictional amount of any

lower New York State court together with interests and

costs.

AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
DEFENDANT THE NEW YORK CITY POLICE DEPARTMENT--NEGLIGENCE

FIFTY-FIFTH: Plaintiffs repeat, reallege and reiterate each and every allegation set forth in Paragraphs First through Fifty-fifth of the complaint as it fully set forth herein.

FIFTY-SIXTH: That on March 6, 2011, each of the individual named defendants herein was an employee of the New York City Police Department and each was on duty and acting within the scope of his employment.

FIFTY-SEVENTH: That the actions complained of herein took place within the confines of the 104th Police Precinct in the County of Queens.

FIFTY-EIGHTH: That on March 6, 2011, the defendant the New York City Police Department acted through its agents, servants and employees as named above herein.

FIFTY-NINTH: That on March 6, 2011 and at all times here relevant "John" Orenstein, "John" McCarren (Shield No. 14154) Richard Roe and John Doe were respectively a sergeant and police officers on duty acting in the scope of their employment by defendant City of New York and assigned to the 104th police precinct.

SIXTIETH: That on March 6, 2011 a youth made a telephone call and gave a location 64-37 74th Avenue, Glendale, New York in the County of Queens, City of New York.

SIXTY-FIRST: That, upon information and belief a member of the defendant New York City Police Department immediately called back the number. An adult male answered. When asked if anyone had called from that number, he replied in the negative.

SIXTY-SECOND: That members of the New York City Police Department nevertheless responded to the location, instead of ascertaining that 64-37 74th Avenue was a two-family residence, defendant's police officers made no further attempts to ascertain what, if anything had happened, knocked on the Cruz' front door and simply rushed in without even speaking to Mr. or Mrs. Cruz and despite having information that no call had come from there.

SIXTY-THIRD : That the actions of defendant's police officers were careless and negligent and resulted in harm, including but not limited to physical and emotional injuries to plaintiffs.

SIXTY-FOURTH: That the negligence of defendant City of New York's police officers consisted of failing to exercise due care and caution in ascertaining who had called police and why, failing to exercise due care and caution in investigating or determining who lived on what floors of the premises 64-37 74th Avenue, failing to even inquire of the plaintiffs or any member of the Cruz family their

19

identities or whether they had even called for police assistance, forcing their way through the front door of the Cruz family without having ascertaining any facts other than that a young male had called police and an adult male answered a call-back and said no call had been made, failing to ascertain that there was a family living above the Cruz family in which an adult male and his teenaged son resided and generally carrying out their investigative responsibilities in a careless and negligent manner.

SIXTY-FIFTH : That defendant New York City Police Department is liable under the doctrine of respondeat superior for the negligence of its agents, servants and employees as aforesaid.

SIXTY-SIXTH: That the injuries sustained by the plaintiffs solely as a result of the negligence of defendant without any negligence on the part of the plaintiffs contributing thereto include the arrest without probable cause of Eddie Cruz, pain and injury to the left arm of plaintiff Carolyn Cruz, injuries and substantial pain to the head, neck, back, chest, ears, throat and larynz of plaintiff Eddie A. Cruz, Sr., emotional distress and post-traumatic stress disorder to plaintiffs Eddie A. Cruz, Sr. and Carolyn Cruz as well as loss of time from work.

SIXTY-SEVENTH: That by Notice of Claim dated April 12, 2011, each plaintiff put defendant New York City Police Department on notice of their claim for damages, specifying their names and address, name of their attorney, nature of claim and time when, place where and manner in which the claim arose, all pursuant to General Municipal Law Section 50 (g).

SIXTY-EIGHTH: That more than 90 days have elapsed since said hearings were held and the claim has not been settled nor otherwise adjusted.

SIXTY-NINTH: Plaintiffs repeat, reallege and reiterate each and every allegation set forth in paragraphs First through Sixty-Eighth of this complaint as it fully set forth herein;

SEVENTIETH: That the negligent manner in which defendant's police officers investigated this incident, including but not limited to any attempt to even remotely ascertain the facts of an incident, the persons involved, the premises where an incident may or may not have occurred and who lived in and occupied what part of a house before forcibly entering a private home, using force, inflicting injuries and making arrests represents a failure on the part of defendant, New York City Police Department to properly train and supervise its police officer employees;

21

SEVENTY-FIRST: That said negligent training and supervision as aforesaid was a prominent cause of the injuries sustained by Plaintiffs, Eddie A. Cruz and Carolyn Cruz without any negligence on the part of Plaintiffs contributing thereto;

SEVENTY-SECOND: That the injuries sustained by Plaintiffs solely as a result of the negligence of defendants without any negligence on the part of Plaintiffs contributing thereto include the arrest without probable cause of Eddie A. Cruz, pain and injury to the left arm of plaintiff Carolyn Cruz, injuries and substantial pain to the head, neck, back, chest, ears, throat and larynx of plaintiff Eddie A. Cruz, Sr., emotional distress and post-traumatic stress disorder to plaintiffs Eddie A. Cruz, Sr. and Carolyn Cruz as well as loss of time from work.

SEVENTY-THIRD: That by Notice of Claim dated April 12, 2011, each plaintiff put defendant New York City Police Department on notice of their claim for damages, specifying their names and address, name of their attorney, nature of claim and time when, place where and manner in which the claim arose, all pursuant to General Municipal Law Section 50 (g);

SEVENTY-FOURTH: That more than 90 days have elapsed
since said hearings were held and the claim has not been
settled nor otherwise adjusted;

Wherefore, plaintiffs demand judgment against
defendant New York City Police Department in an amount to
be determined at trial and in excess of the jurisdictional
amount of any lower New York State court together with
interest and costs.

WHEREFORE, plaintiff demands total judgment as
follows:

On the FIRST CAUSE OF ACTION in the amount of ONE
MILLION DOLLARS ($1,000,000.00) together with interest and
costs.

On the SECOND CAUSE OF ACTION in the amount of ONE
MILLION DOLLARS ($1,000,000.0) together with interest and
costs.

On the THIRD CAUSE OF ACTION in an amount to be
determined at trial and in excess of the jurisdictional
amount of any lower New York State court together with
interest and costs.

On the FOURTH CAUSE OF ACTION in an amount to be determined at trial and in excess of the jurisdictional amount of any lower New York State court together with interest and costs.

On the FIFTH CAUSE OF ACTION in an amount to be determined at trial and in excess of the jurisdictional amount of any lower New York State court together with interest and costs.

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues raised in Plaintiffs' complaint.

Dated: Kew Gardens, New York
      May 30, 2012

Yours etc.

JAMES P. HARDING, ESQ.
(jph1804)
Harding & Moore, Esqs.
Attorneys for Plaintiffs
Eddie A. Cruz, Sr.
Carolyn Cruz
80-59 Lefferts Boulevard
Kew Gardens, New York 11415
718-805-1500

24

TO: "John" Orenstein
Sergeant Assigned to 104th Precinct
64-02 Catalpa Avenue
Ridgewood, New York 11385
c/o 1 Police Plaza
New York, New York 10007

"John" McCarren
Police Officer Assigned to 104th Precinct
64-02 Catalpa Avenue
Ridgewood, New York 11385
c/o 1 Police Plaza
New York, New York 10007

"John" Doe
Police Officer Assigned to 104th Precinct
64-02 Catalpa Avenue
Ridgewood, New York 11385
c/o of 1 Police Plaza
New York, New York 10007

Richard Roe #1
Police Officer Assigned to 104th Precinct
64-02 Catalpa Avenue
Ridgewood, New York 11385
c/o 1 Police Plaza
New York, New York 10007

Richard Roe #2
Police Officer Assigned to 104th Precinct
64-02 Catalpa Avenue
Ridgewood, New York 11385
c/o 1 Police Plaza
New York, New York 10007

25

Michael A. Cardozo
Corporation Counsel: City of New York
100 Church Street
New York, New York 10007

New York City Police Department
1 Police Plaza
New York, New York 10007