# UNITED STATES DISTRICT COURT
### for the

EDDIE A. CRUZ, SR. AND CAROLYN CRUZ
_____
*Plaintiff*

v.

JEREMY ORENSTEIN, SEAN McCARREN, JASON BIANCHINI,
SEAN HYNES, JEREMIAH WINTER, THE NEW YORK CITY POLICE
DEPARTMENT AND THE CITY OF NEW YORK
_____
*Defendant*

)
)
)
)
)
)
)
)
)

Civil Action No.   12-CV-2789 (RRM) (CLP)

### AMENDED
## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

| | | |
|---|---|---|
| Jason Bianchini<br>Police Officer Assigned to 104th Pct.<br>64-02 Catalpa Avenue<br>Ridgewood , New York 11385 | Sean Hynes<br>Police Officer Assigned to 104th Pct.<br>64-02 Catalpa Avenue<br>Ridgewood, New York 11385 | Jeremiah Winter<br>Police Officer Assigned to 104th Pct.<br>64-02 Catalpa Avenue<br>Ridgewood, New York 11385 |

A lawsuit has been filed against you.

To All Named Defendants.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Harding & Moore, Esqs.
BY: James P. Harding, Esq.
80-59 Lefferts Boulevard
Kew Gardens, New York 11415
718-805-1500

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                        _____
                                                          *Printed name and title*

                                        _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
EDDIE A. CRUZ, SR. AND CAROLYN
CRUZ,                                    CV No.: 12-CV-2789

         Plaintiffs,

    -against-

JEREMY ORENSTEIN, Individually
and as a Seargant of the NEW YORK CITY
POLICE DEPARTMENT, SEAN McCARREN,
(Shied No. 14154),Individually
and as a Police Officer of the
NEW YORK CITY POLICE DEPARTMENT,
JASON BIANCHINI, Individually
And as a Police Officer of the          **AMENDED CIVIL**
CITY OF NEW YORK POLICE DEPARTMENT      **COMPLAINT**
Assigned to the 104th Precinct on
March 6, 2011, SEAN HYNES, Individually
And as a Police Officer of the
NEW YORK CITY POLICE DEPARTMENT
Assigned to the 104th Precinct on
March 6, 2011,  JEREMIAH WINTER,
Individually And As a Police Officer
of the NEW YORK CITY POLICE DEPARTMENT
Assigned to The 104th Precinct on
March 6, 2011, THE CITY OF NEW YORK,
AND THE NEW YORK CITY POLICE DEPARTMENT.

         Defendants.
------------------------------X

     Plaintiffs, EDDIE A. CRUZ, SR. AND CAROLYN CRUZ, by

their attorneys, Harding & Moore, Esqs., complaining of the

Defendants allege as follows:

### JURISDICTION

     FIRST:   The jurisdiction of this court is invoked

pursuant to Title 28, United States Code, Sections 1331 and

1

1332 and the supplemental jurisdiction of this court
invoked pursuant to Title 28 of the United States Code,
Section 1337. This Civil Complaint amends the complaint
dated May 30, 2012 to reflect the names of parties
previously denominated with "Roe" and "Doe" surnames and/or
with "John" as a first name.

PARTIES

SECOND: The Plaintiffs in this action are EDDIE A.
CRUZ, SR. AND CAROLYN CRUZ, his spouse. Each is a natural
person and each is a citizen of the United States, both
residing at 64-37 74th Avenue, Glendale, New York in the
County of Queens, City and State of New York and within the
Eastern District of New York.

The Defendant Jeremy Ohrenstein, is a Sergeant of the
New York City Police Department and is sued individually
and in his capacity as a Sergeant of the New York City
Police Department.

The Defendant Sean McCarren (Shield No. 14154) is a
police officer of the New York City Police Department and
is being sued individually and in his capacity as a police
officer of the New York City Police Department.

The Defendant Jason Bianchini (Shield No. unknown) is
a police officer of the New York City Police Department and

is sued individually and in his capacity as a member of the New York City Police Department.

The Defendant Sean Hynes (Shield No. unknown) is a police officer of the New York City Police Department and is sued individually and in his capacity as a member of the New York City Police Department.

The Defendant Jeremiah Winter (Shield No. unknown) is a police officer of the New York City Police Department and is sued individually and in his capacity as a member of the New York City Police Department.

The Defendant, The New York City Police Department is an executive department of the Defendant, The City of New York, and, as such, is charged with the operation and control of police precincts throughout the City of New York and is charged with enforcement of state and local laws, the investigation of criminal complaints, the apprehension of suspected criminals and for that purpose employs trained police officers and their supervisors.

The Defendant The City of New York is a municipal corporation duly organized under the laws of the State of New York and it has, as one of its executive departments and governmental sub-divisions, the New York City Police Department.

3

## STATEMENT OF FACTS

THIRD: The Plaintiff, EDDIE A. CRUZ, SR. is 47 years old and the Plaintiff, CAROLYN CRUZ is 45 years old, they are husband and wife and, at all times here relevant, have resided at 64-37 74th Avenue in Glendale, New York 11385 in the County of Queens.

FOURTH: That on March 6, 2011 at about 2 a.m., the Plaintiffs were both at home at 64-37 74th Avenue. Plaintiff, EDDIE A. CRUZ, SR. was asleep in the master bedroom, Plaintiff, CAROLYN CRUZ had fallen asleep in the bedroom of their youngest son, Eddie Lee Cruz, then aged 7 and Jason Carrion, then aged 5, the son of Mariella Lopez who is the girlfriend of their oldest son, Eddie A. Cruz, Jr.

FIFTH: That at the same time, date and place, Eddie A. Cruz, Jr., the Plaintiffs' 21 year old son and his girlfriend Mariella Lopez were in the recreation room of the basement putting together a weight set. At the same time, the Plaintiffs' daughter, also named Carolyn Cruz and then aged 16, was asleep in her bedroom in the basement.

SIXTH: That while putting the weight set together, a screw slipped and the weight assembly fell, causing Eddie A. Cruz, Jr. to sustain a deep cut to his right arm. As a result, Mariella Lopez, followed by Eddie Cruz, Jr. went

4

upstairs calling out to the Plaintiff, CAROLYN CRUZ to seek medical help.

SEVENTH: That at that point there was a loud knock on the front door. By this time, Plaintiff, CAROLYN CRUZ, her son, Eddie A. Cruz, Jr. and Mariella Lopez were in the first floor hallway.

EIGHTH: That after the loud knock at the front door, Plaintiff, EDDIE A. CRUZ, SR. came out of the front bedroom on the first floor where he had been sleeping.

NINTH: Plaintiff, CAROLYN CRUZ, in response to the loud knocking called out "who is it?" and from the other side of the front door heard a male voice call out "police."

TENTH: That Plaintiffs, EDDIE A. CRUZ, SR. AND CAROLYN CRUZ then went to the front door and as she was opening it, a large number of uniformed New York City Police officers rushed through the front door without asking any questions.

ELEVENTH: That Plaintiff, CAROLYN CRUZ was immediately thrown forcibly against the wall of the hallway near the front door.

TWELFTH: That Plaintiff, EDDIE A. CRUZ, SR. was forcibly thrown to the hallway floor in his house where police officers kicked him, punched him, and stomped on him

5

as he was in a prone position and as he kept calling out
"what have I done?" and "why are you doing this to me?"

THIRTEENTH: That Plaintiff, CAROLYN CRUZ tried to take
cell phone pictures of this incident but was forcibly
restrained and told that her children would be taken away
from her.

FOURTEENTH: That Plaintiff, EDDIE A. CRUZ, SR. was
forcibly handcuffed while face down on the floor of the
hallway of his home and was experiencing tightness and pain
in his chest because his hands were cuffed tightly behind
his back.  Plaintiff, EDDIE A. CRUZ, SR. was clad only in
sweatpants, wearing no shirt and no shoes.

FIFTEENTH: That Plaintiff, EDDIE A. CRUZ, SR. was
placed under arrest in the hallway of his home and taken
handcuffed, shirtless and shoeless to a waiting police car
by New York City Police Officers and placed in the rear
seat of the police car.

SIXTEENTH: That while seated in the rear seat of the
marked New York City Police Department radio motor patrol
car, which was parked in front of his house, Plaintiff,
EDDIE A. CRUZ, SR. called out "Carolyn help me" to his wife
Plaintiff, CAROLYN CRUZ.

SEVENTEENTH: That upon calling out to Plaintiff,
CAROLYN CRUZ for help, one of the uniformed New York City

6

Police Department Officers reached through the open rear
window of the radio motor patrol car and, with a closed
fist, punched Plaintiff, EDDIE A. CRUZ, SR. in the throat
and told him to "shut the fuck up." Mr. Cruz was unable to
speak as a result of the blow to the throat and said
nothing further.

EIGHTEENTH: That on March 6, 2011, Plaintiff, EDDIE A.
CRUZ, SR. was transported in a marked radio motor patrol
car by officers of the New York City Police Department to
the 104th Precinct on Catalpa Avenue in the County of
Queens.

NINETEENTH: That both Plaintiffs had asked police
officers why they had come to the house and had asked what
Plaintiff had done to cause him to be arrested. Neither
Plaintiff was told anything except "assault in progress."

TWENTIETH: That Plaintiff was charged by misdemeanor
complaint with the crimes of violation of New York State
Penal Law Sections 205.30, Resisting Arrest and 195.05,
Obstructing Governmental Administration under docket number
2011QN012324. Each is a Class "A" Misdemeanor.

TWENTY-FIRST: That Plaintiff, EDDIE A. CRUZ, SR. was
kept in a cell inside the 104th Precinct until he was
transported in handcuffs by police to Central Booking
Queens. He was fingerprinted, photographed and placed in a

7

holding cell in Central Booking Queens with other arrestees to await arraignment.

TWENTY-SECOND: That Plaintiff, CAROLYN CRUZ contacted a criminal defense attorney, Christopher A. Renfroe, Esq. to represent her husband.  Mr. Renfroe was not available but an associate, Robert Loucks, Esq. was retained.

TWENTY-THIRD: That Plaintiff, EDDIE A. CRUZ, SR. was arraigned on Docket No. 2011QN012324 before Hon. Carmen Velasquez, Judge of the Criminal Court of the City of New York in Part APAR4/3 of that court on March 6, 2011.  All charges were Adjourned in Contemplation of Dismissal pursuant to Section 170.55 of the New York State Criminal Procedure Law on March 6, 2011 for a period of four months.

TWENTY-FOURTH: That on or about July 6, 2011, all charges on Docket No. 2011QN012324 were dismissed and the case was sealed.

TWENTY-FIFTH: That on March 7, 2011, pursuant to C-105 of the Chancellor's Regulations, Plaintiff, EDDIE A. CRUZ, SR. notified in writing Andrew Gordon and Cammela Cody of the New York City Department of Education Office of Personnel Investigations, of his arrest.  He also notified his direct employer, Mr. Michael Huang, Custodian Engineer of P.S. 72K in Brooklyn and Rafael Ramirez of Local 32B-J of his arrest.

TWENTY-SIXTH: That Plaintiff, EDDIE A. CRUZ, SR.
sustained head injuries including hearing loss, loss of
balance, injury to the cervical spine, bruises and swelling
to the face, head, neck, mouth, wrists and knees, pain in
the throat and larynx, difficulty in speaking, headaches,
chest pain, severe emotional distress and depression as a
result of the injuries inflicted on March 6, 2011 and is
still receiving medical treatment.    He has experienced
Post-Traumatic Stress Disorder.   He has also lost time from
employment.

TWENTY-SEVENTH: That Plaintiff, CAROLYN CRUZ sustained
bruises and swelling to her left arm as a result of being
forcibly shoved against a wall in her house and being
pinned against the wall by her arms by one of the named
defendant police officers while watching her.

TWENTY-EIGHTH: That Plaintiff, CAROLYN CRUZ sustained
severe emotional distress and posttraumatic stress disorder
as a result of the actions of the defendants on March 6,
2011.

TWENTY-NINTH: That Plaintiffs expended money for
counsel fees for Plaintiff, EDDIE A. CRUZ, SR. and have
expended money for medical expenses.

AS AND FOR A FIRST CAUSE OF ACTION ON
BEHALF OF PLAINTIFF EDDIE A. CRUZ, SR. AGAINST
DEFENDANT JEREMY ORENSTEIN, VIOLATION OF TITLE
<u>42 UNITED STATES CODE, SECTION 1983—FALSE ARREST</u>

THIRTIETH:  Plaintiffs repeat, reallege and reiterate
each and every cause of action set forth in Plaintiffs'
complaint as if fully set forth herein.

THIRTY-FIRST: That on March 6, 2011 and at all times
here relevant, Defendant, Orenstein was a Sergeant of the
New York City Police Department assigned to the 104th
Precinct in the County of Queens.

THIRTY-SECOND: That on March 6, 2011 and at all times
here relevant, Defendant Orentstein was the supervising
officer of the group of police officers who went to the
Plaintiffs' residence at 64-37 74th Avenue in Glendale in
the County of Queens.

THIRTY-THIRD: That on March 6, 2011 and at all times
here relevant, Defendant Orenstein was acting under color
state law in his capacity as a Sergeant of the New York
City Police Department.

THIRTY-FOURTH: That on March 6, 2011, without a search
warrant, without consent of Plaintiffs and without any
probable cause, Defendant Orentstein directed and led a
group of uniformed police officers of the New York City
Police Department, including defendants Sean McCarren,

10

Jason Bianchini, Sean Hynes and Jeremiah Winter as they forced their way through the front door of the Cruz residence, knocked Plaintiff, EDDIE A. CRUZ, SR. to the floor, beat him, stomped him and handcuffed him in his own home, forcibly detained him and arrested him and charged him with the crimes of violation of New York State Penal Law Section 205.30, Resisting Arrest, and New York State Penal Law Section 195.05, Obstructing Governmental Administration.

THIRTY-FIFTH: That such arrest was a false arrest in that there was no probable cause for either charge, no crime had been committed in the presence of Defendant and his fellow officers, no facts existed to support such charges and Defendant knew that no such facts existed.

THIRTY-SIXTH: That the arrest of Plaintiff without probable cause constituted a violation of the Fourth and Fourteenth Amendments to the United States Constitution which requires arrest based only upon probable cause and was also in violation of Title 42, United States Code § 1983.

THIRTY-SEVENTH: That as a result of this false arrest, Plaintiffs were compelled to retain criminal defense counsel. All charges were ultimately dismissed on or about July 6, 2011 in Criminal Court of the City of New York.

11

THIRTY-EIGHTH: That the false arrest and injuries sustained by Plaintiff as aforesaid constituted a deprivation of civil and constitutional rights, privileges and immunities guaranteed to plaintiffs under the Fourth and Fourteenth Amendments, loss of a liberty interest and physical and emotional injuries.

Wherefore, plaintiff demands judgment against the defendant on the First Cause of Action in the amount of One Million Dollars ($1,000,000) together with interest and costs.

AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS JEREMY ORENSTEIN, SEAN
McCARREN, JASON BIANCHINI, SEAN HYNES AND JEREMIAH
WINTER-VIOLATION OF TITLE 42 UNITED STATES CODE
SECTION 1983—USE OF EXCESSIVE FORCE

THIRTY-NINTH: Plaintiffs repeat, reallege and reiterate 1-38 as if fully set forth herein.

FORTIETH: That defendants Orenstein, McCarren, Bianchini, Hynes and Winter were, at all times here relevant and during the actions encompassed by the statement of facts, supra, engaged in state action and acting under color of state law in that they were on duty, in uniform and acting as a Sergeant and Police Officers, respectively, of the New York City Police Departments.

12

FORTY-FIRST: That the actions taken by defendants Orenstein, McCarren, Bianchini, Hynes and Winter against plaintiff Eddie A. Cruz, Sr. and Carolyn Cruz in forcibly shoving plaintiff Carolyn Cruz against the inside wall of the hallway of her residence and brushing plaintiff Eddie A. Cruz to the floor of his residence and then kicking him, stomping him, standing on his back, neck and legs, rear-cuffing him to the point where he had difficulty breathing, forcibly removing him from his residence and punching him with his closed fist in the throat as he sat in the rear of the police car, all constituted a violation of plaintiff's civil and constitutional rights to be free from the use of excessive force under the Eighth and Fourteenth Amendments to the United States Constitution and in violation of Title 42 United States code Section 1983.

FORTY-SECOND: That the use of excessive force used by Defendants against plaintiff Carolyn Cruz resulted in pain, bruising and swelling of her left arm as well as severe emotional distress and symptoms of post-traumatic stress disorder. That the use of excessive force against plaintiff Eddie A. Cruz, Sr. resulted in injuries to his head including hearing loss, loss of balance, injury to the cervical spine, bruises and swelling to the face, head, neck, mouth, wrist and knees, pain in the throat and

13

larynx, difficulty in speaking, head pain, chest pain, severe emotional distress, depression and post-traumatic stress disorder. He is still receiving medical treatment and has lost time from employment.

FORTY-THIRD: That the injuries sustained by plaintiffs were solely as a result of defendants' unconstitutional use of excessive force in violation of the Eighth and Fourteenth Amendments to the United States Constitution and further constitute a deprivation of rights, privilege and immunities guaranteed to plaintiffs under the Forth and Eighteenth Amendments in causing plaintiffs severe and painful physical and emotional injuries.

Wherefore, plaintiffs demand judgment against defendants on the Second Cause of Action in the amount of One Million Dollars ($1,000,000) together with interest and costs.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT THE CITY OF NEW YORK NEGLIGENCE

FORTY-FOURTH: Plaintiffs repeat, reallege and reiterate each and every allegation set forth in Paragraphs First through Forty Third as it fully set forth herein.

FORTY-FIFTH: : That on March 6, 2011 and at all times here relevant Jeremy Orenstein, Sean McCarren

14

(Shield No. 14154) Jason Bianchini, Sean Hynes and Jeremiah Winter were respectively a sergeant and police officers on duty acting in the scope of their employment by defendant City of New York and assigned to the 104th police precinct.

FORTY-SIXTH: That on March 6, 2011 a youth made a telephone call and gave a location 64-37 74th Avenue, Glendale, New York in the County of Queens, City of New York.

FORTY-SEVENTH: That members of the New York City Police Department nevertheless responded to the location, instead of ascertaining that 64-37 74th Avenue was a two-family residence, defendant's police officers made no further attempts to ascertain what, if anything had happened, knocked on the Cruz' front door and simply rushed in without even speaking to Mr. or Ms. Cruz and despite having information that no call had come from there.

FORTY EIGHTH: That the actions of defendant's police officers were careless and negligent and resulted in harm, including but not limited to physical and emotional injuries to plaintiffs.

FORTY NINTH: That the negligence of defendant City of New York's police officers consisted of failing to exercise due care and caution in ascertaining who had called police and why, failing to exercise due case and caution in

15

investigating or determining who lived on what floors of the premises 64-37 74th Avenue, failing to even inquire of the plaintiffs or any member of the Cruz family their identities or whether they had even called for police assistance, forcing their way through the front door of the Cruz family home without having ascertained any facts other than that a young male had called police and an adult male answered a call-back and said no call had been made, failing to ascertain that there was a family living above the Cruz family in which an adult male and his teenaged son resided and generally carrying out their investigative responsibilities in a careless and negligent manner.

FIFTIETH: That defendant City of New York is liable under the doctrine of respondent superior for the negligence of its agents, servants and employees as aforesaid.

FIFTY-FIRST: That the injuries sustained by the plaintiffs solely as a result of the negligence of defendant without any negligence on the part of plaintiff contributing thereto include the arrest without probable cause of Eddie Cruz, pain and injury to the left arm of plaintiff Carolyn Cruz, injuries and substantial pain to the head, neck, back, chest, ears, throat and larynx of plaintiff Eddie A. Cruz, Sr., emotional distress and post-

traumatic stress disorder to plaintiffs Eddie A. Cruz Sr. and Carolyn Cruz as well as loss of time from work.

FIFTY-SECOND: That by Notice of Claim dated 4/12/11 ,2011, each plaintiff put defendant City of New York on notice of their claim for damages, specifying their names and address, name of their attorney, nature of claim and time when, place where and manner in which the claim arose, all pursuant to General Municipal Law Section 50 (g).

FIFTY-THIRD: That on 6/8/11, hearings were conducted as to each claimant pursuant to section 50 (H) of the General Municipals Law.

FIFTY-FOURTH: That more than 90 days have elapsed since said hearings were held and the claim has not been settled or otherwise adjusted.

Wherefore, plaintiffs demand judgment against defendant City of New York in an amount to be determined at trial and in excess of the jurisdictional amount of any lower New York State court together with interests and costs.

17

AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
DEFENDANT THE NEW YORK CITY POLICE DEPARTMENT--NEGLIGENCE

FIFTY-FIFTH: Plaintiffs repeat, reallege and reiterate
each and every allegation set forth in Paragraphs First
through Fifty-fifth of the complaint as it fully set forth
herein.

FIFTY-SIXTH: That on March 6, 2011, each of the
individual named defendants herein was an employee of the
New York City Police Department and each was on duty and
acting within the scope of his employment.

FIFTY-SEVENTH: That the actions complained of herein
took place within the confines of the 104th Police Precinct
in the County of Queens.

FIFTY-EIGHTH: That on March 6, 2011, the defendant the
New York City Police Department acted through its agents,
servants and employees as named above herein.

FIFTY-NINTH: That on March 6, 2011 and at all times
here relevant Jeremy Orenstein, Sean McCarren (Shield No.
14154), Jason Bianchini, Sean Hynes and Jeremiah Winter
were respectively a sergeant and police officers on duty
acting in the scope of their employment by defendant City
of New York and assigned to the 104th police precinct.

SIXTIETH: That on March 6, 2011 a youth made a
telephone call and gave a location 64-37 74th Avenue,

18

Glendale, New York in the County of Queens, City of New York.

SIXTY-FIRST: That, upon information and belief a member of the defendant New York City Police Department immediately called back the number. An adult male answered. When asked if anyone had called from that number, he replied in the negative.

SIXTY-SECOND: That members of the New York City Police Department nevertheless responded to the location, instead of ascertaining that 64-37 74th Avenue was a two-family residence, defendant's police officers made no further attempts to ascertain what, if anything had happened, knocked on the Cruz' front door and simply rushed in without even speaking to Mr. or Mrs. Cruz and despite having information that no call had come from there.

SIXTY-THIRD : That the actions of defendant's police officers were careless and negligent and resulted in harm, including but not limited to physical and emotional injuries to plaintiffs.

SIXTY-FOURTH: That the negligence of defendant City of New York's police officers consisted of failing to exercise due care and caution in ascertaining who had called police and why, failing to exercise due care and caution in investigating or determining who lived on what floors of

19

the premises 64-37 74th Avenue, failing to even inquire of the plaintiffs or any member of the Cruz family their identities or whether they had even called for police assistance, forcing their way through the front door of the Cruz family without having ascertaining any facts other than that a young male had called police and an adult male answered a call-back and said no call had been made, failing to ascertain that there was a family living above the Cruz family in which an adult male and his teenaged son resided and generally carrying out their investigative responsibilities in a careless and negligent manner.

SIXTY-FIFTH : That defendant New York City Police Department is liable under the doctrine of respondeat superior for the negligence of its agents, servants and employees as aforesaid.

SIXTY-SIXTH: That the injuries sustained by the plaintiffs solely as a result of the negligence of defendant without any negligence on the part of the plaintiffs contributing thereto include the arrest without probable cause of Eddie Cruz, pain and injury to the left arm of plaintiff Carolyn Cruz, injuries and substantial pain to the head, neck, back, chest, ears, throat and larynz of plaintiff Eddie A. Cruz, Sr., emotional distress and post-traumatic stress disorder to plaintiffs Eddie A.

Cruz, Sr. and Carolyn Cruz as well as loss of time from work.

SIXTY-SEVENTH: That by Notice of Claim dated April 12, 2011, each plaintiff put defendant New York City Police Department on notice of their claim for damages, specifying their names and address, name of their attorney, nature of claim and time when, place where and manner in which the claim arose, all pursuant to General Municipal Law Section 50 (g).

SIXTY-EIGHTH: That more than 90 days have elapsed since said hearings were held and the claim has not been settled nor otherwise adjusted.

SIXTY-NINTH: Plaintiffs repeat, reallege and reiterate each and every allegation set forth in paragraphs First through Sixty-Eighth of this complaint as it fully set forth herein;

SEVENTIETH: That the negligent manner in which defendant's police officers investigated this incident, including but not limited to any attempt to even remotely ascertain the facts of an incident, the persons involved, the premises where an incident may or may not have occurred and who lived in and occupied what part of a house before forcibly entering a private home, using force, inflicting injuries and making arrests represents a failure on the

21

part of defendant, New York City Police Department to properly train and supervise its police officer employees;

SEVENTY-FIRST: That said negligent training and supervision as aforesaid was a prominent cause of the injuries sustained by Plaintiffs, Eddie A. Cruz and Carolyn Cruz without any negligence on the part of Plaintiffs contributing thereto;

SEVENTY-SECOND: That the injuries sustained by Plaintiffs solely as a result of the negligence of defendants without any negligence on the part of Plaintiffs contributing thereto include the arrest without probable cause of Eddie A. Cruz, pain and injury to the left arm of plaintiff Carolyn Cruz, injuries and substantial pain to the head, neck, back, chest, ears, throat and larynx of plaintiff Eddie A. Cruz, Sr., emotional distress and post-traumatic stress disorder to plaintiffs Eddie A. Cruz, Sr. and Carolyn Cruz as well as loss of time from work.

SEVENTY-THIRD: That by Notice of Claim dated April 12, 2011, each plaintiff put defendant New York City Police Department on notice of their claim for damages, specifying their names and address, name of their attorney, nature of claim and time when, place where and manner in which the claim arose, all pursuant to General Municipal Law Section 50 (g);

22

SEVENTY-FOURTH: That more than 90 days have elapsed since said hearings were held and the claim has not been settled nor otherwise adjusted;

Wherefore, plaintiffs demand judgment against defendant New York City Police Department in an amount to be determined at trial and in excess of the jurisdictional amount of any lower New York State court together with interest and costs.

WHEREFORE, plaintiff demands total judgment as follows:

On the FIRST CAUSE OF ACTION in the amount of ONE MILLION DOLLARS ($1,000,000.00) together with interest and costs.

On the SECOND CAUSE OF ACTION in the amount of ONE MILLION DOLLARS ($1,000,000.0) together with interest and costs.

On the THIRD CAUSE OF ACTION in an amount to be determined at trial and in excess of the jurisdictional amount of any lower New York State court together with interest and costs.

On the FOURTH CAUSE OF ACTION in an amount to be determined at trial and in excess of the jurisdictional amount of any lower New York State court together with interest and costs.

23

On the FIFTH CAUSE OF ACTION in an amount to be determined at trial and in excess of the jurisdictional amount of any lower New York State court together with interest and costs.

JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues raised in Plaintiffs' complaint.


Dated: Kew Gardens, New York
      November 15, 2012


                Yours etc.




                JAMES P. HARDING, ESQ.
                (jph1804)
                Harding & Moore, Esqs.
                Attorneys for Plaintiffs
                Eddie A. Cruz, Sr.
                Carolyn Cruz
                80-59 Lefferts Boulevard
                Kew Gardens, New York 11415
                718-805-1500

TO: Jeremy Orenstein
    Sergeant Assigned to 104th Precinct
    64-02 Catalpa Avenue
    Ridgewood, New York 11385
    c/o 1 Police Plaza
    New York, New York 10007

    Sean McCarren (Shield No. 14154)
    Police Officer Assigned to 104th Precinct
    64-02 Catalpa Avenue
    Ridgewood, New York 11385
    c/o 1 Police Plaza
    New York, New York 10007

    Jason Bianchini
    Police Officer Assigned to 104th Precinct
    64-02 Catalpa Avenue
    Ridgewood, New York 11385
    c/o of 1 Police Plaza
    New York, New York 10007

    Sean Hynes
    Police Officer Assigned to 104th Precinct
    64-02 Catalpa Avenue
    Ridgewood, New York 11385
    c/o 1 Police Plaza
    New York, New York 10007

    Jeremiah Winter
    Police Officer Assigned to 104th Precinct
    64-02 Catalpa Avenue
    Ridgewood, New York 11385
    c/o 1 Police Plaza
    New York, New York 10007

    Michael A. Cardozo
    Corporation Counsel: City of New York
    100 Church Street
    New York, New York 10007
    Attention: Andrew Wenzel
               Assistant Corporation Counsel
               Special Federal Litigation Division

    New York City Police Department
    1 Police Plaza
    New York, New York 10007

25

26.

EDDIE A. CRUZ, SR. AND CAROLIN CRUZ,

Plaintiffs

-against-

JEREMY ORENSTEIN, Individually and as a Seargant of the NEW YORK CITY POLICE DEPARTMENT, SEAN McCARREN, (Shield No. 14154), Individually and as a Police Officer of the NEW YORK CITY POLICE DEPARTMENT, JASON BIANCHINI, Individually and as a Police Officer of the CITY OF NEW YORK POLICE DEPARTMENT Assigned to the 104th Precinct on March 6, 2011, SEAN HYNES, Individually and as a Police Officer of the NEW YORK CITY POLICE DEPARTMENT Assigned to the 104th Precinct on March 6, 2011, JEREMIAH WINIER, Individually and as a Police Officer of the NEW YORK CITY POLICE DEPARTMENT Assigned to the 104th Precinct on March 6, 2011, THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT,

Defendants.

**AMENDED SUMMONS &**
**AMENDED CIVIL COMPLAINT**

Signature (Rule 130-1.1-a)

*James P. Harding, Esq.*

Print name beneath

James P. Harding, Esq.

**HARDING & MOORE**

*Attorney(s) for* Plaintiffs

*Office and Post Office Address, Telephone*
80-59 LEFFERTS BOULEVARD
KEW GARDENS, NY 11415
(718) 805-1500

To:

Attorney(s) for

Service of a copy of the within is hereby admitted:
Dated,

.................................................................

Attorney(s) for

**BLACKSTONE LEGAL SUPPLY**
555 GREENWICH ST. • HEMPSTEAD, NY 11550 • (800) 632-2273

---

urt on

Yours, etc.
**HARDING & MOORE**
*for*

*Office and Post Office Address*
80-59 LEFFERTS BOULEVARD
KEW GARDENS, NY 11415

for

**NOTICE OF SETTLEMENT**

:ake notice that an order

he within is a true copy will be presented
1ent to the Hon.

judges of the within named Court, at

M.

Yours, etc.
**HARDING & MOORE**
*for*

*Office and Post Office Address*
80-59 LEFFERTS BOULEVARD
KEW GARDENS, NY 11415

for